UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHERDRIA LOWE,

    Plaintiff,

v.                                                Case No. 4:20-cv-393-RH/MJF

A1 AUTO SPORTS LLC,

    Defendant.
    _____/

## REPORT AND RECOMMENDATION

Plaintiff filed a civil action to recover $5,000 from Defendant for money had and received. (Doc. 1). Because Plaintiff has failed to demonstrate that the District Court enjoys subject matter jurisdiction, the undersigned recommends that this action be dismissed.[1]

### I. BACKGROUND

Plaintiff Sherdria Lowe ("Lowe") commenced this action to recover $5,000 from Defendant A1 Auto Sports, LLC. (Doc. 1). Lowe utilized a complaint form which includes the heading: "COMPLAINT FOR A CIVIL CASE ALLEGING THAT THE DEFENDANT OWES PLAINTFF A SUM OF MONEY." (*Id*. at 1).

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636 (b); Fed R. Civ. P. 72(b).

The complaint indicates that Defendant owes Lowe $5,000. (*Id.* at 5). But Lowe's complaint does not specify the nature of the debt owed to her. Indeed, Lowe's complaint is devoid of a factual narrative.

As to subject matter jurisdiction, Lowe's complaint form lists "28 U.S.C. § 1332; Diversity of Citizenship." (*Id.* at 1). Lowe asserts that she is a citizen of Georgia and that A1 Auto Sports, LLC is located in Havana, Florida. (*Id.* at 3).

Because the information contained in the complaint suggests that the court lacks subject matter jurisdiction, the undersigned ordered Lowe to amend the complaint and identify the basis for the court to exercise subject matter jurisdiction. (Doc. 6). Lowe did not comply with the undersigned's order.

## II. STANDARD

Rule 8(a)(1) requires a pleading to state a "short and plain statement of the ground for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A court must assure itself that it enjoys subject matter jurisdiction because federal courts are courts of limited jurisdiction, and they possess only the power authorized by Congress and the Constitution. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Congress may "give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." *Kline v. Burke Constr. Co.*, 260 U.S. 226, 234 (1922). Indeed, the validity of a federal court's order

depends upon that court possessing subject matter jurisdiction. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Absent a grant of subject-matter jurisdiction from Congress, a court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975) (noting that, absent jurisdiction, a court is "powerless to consider the merits" of a case). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868).

## III. DISCUSSION

The undersigned recommends dismissal of this action because Lowe has failed to establish that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000.

### A.  DIVERSITY OF CITIZENSHIP REQUIREMENT

Congress has authorized federal courts to exercise subject matter jurisdiction over civil actions in which there is complete diversity of citizenship. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *see McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (noting that diversity jurisdiction "exists over a controversy between citizens of different states). Complete diversity

of citizenship means that every plaintiff's citizenship must be diverse from every defendant's citizenship. *Triggs*, 154 F.3d at 1287.

When a defendant is a limited liability company, a plaintiff must allege the citizenship of all members of the limited liability company. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) (holding that to sufficiently allege the citizenship of an LLC, a plaintiff must "list the citizenship of all the members of the limited liability company . . . ."); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (stating that, for purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners); *Purchasing Power, LLC v. Bluestream Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of.").

When a plaintiff brings suit in federal court, he must affirmatively allege facts that, taken as true, show the existence of federal subject matter jurisdiction. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1247 (11th Cir. 2005).

In this case, Lowe has failed to plead the citizenship of Defendant properly insofar as she has not listed the citizenship of each member of the LLC Defendant. Thus, it is unclear whether complete diversity of citizenship exists. Even after being given an opportunity to provide additional facts regarding the citizenship of Defendant, Lowe has not satisfied her burden of showing that complete diversity of citizenship exists. For this reason alone, it is unclear that the District Court has subject matter jurisdiction, and Lowe has failed to carry her burden that the District Court possesses jurisdiction.

**B.    AMOUNT IN CONTROVERSY REQUIREMENT**

Congress has limited the diversity jurisdiction of federal courts to cases in which the controversy involves a minimum monetary amount. *See Snyder v. Harris*, 394 U.S. 332, 334 (1969). The amount in controversy for diversity jurisdiction, excluding interests and costs, must exceed $75,000. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citing 28 U.S.C. § 1332).

With regards to the amount in controversy requirement for diversity jurisdiction, the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). In other words, a court will generally accept that the amount in controversy has been satisfied when the plaintiff claims a sufficient sum in good

faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount. *Id.*

The District Court lacks subject matter jurisdiction over this claim because Lowe's allegations regarding the amount in controversy fail to satisfy the amount in controversy threshold. For relief, Lowe seeks only $5,000. (Doc. 1 at 5). This falls well below the jurisdictional threshold of $75,000. Accordingly, in yet a second respect, Lowe has not carried her burden of demonstrating that the District Court enjoys subject matter jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS**:

1. This case be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

2. The clerk of the court be directed to close the case file.

At Panama City, Florida, this 27th day of October, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not**

**control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**